```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LUIS ROSALES,

               Plaintiff,  :  07 Civ. 10554 (LAP)(DFE)

     -against-            :  MEMORANDUM AND ORDER

BRIAN FISCHER, et al.,

              Defendants.
------------------------------------X

MAILED TO pltf c/COUNSEL

LORETTA A. PRESKA, Chief United States District Judge:

    On March 31, 2009, the Court issued a Memorandum and Order (the "March Order") granting in part and denying in part Defendants' motion to dismiss the instant action, in which Plaintiff Luis Rosales brings suit under 42 U.S.C. § 1983 ("Section 1983") for multiple violations of his civil and constitutional rights. In the March Order, the Court reserved decision on Defendants' alternative motion to dismiss Plaintiff's due process claims pending further briefing on the threshold argument that Plaintiff failed to exhaust his administrative remedies. Defendants now concede that this contention is without merit. (Supplemental Memorandum of Law in Further Support of Defendants' Motion to Dismiss ("Def. Suppl. Br."), at 2 ("defendants acknowledge that plaintiff has sufficiently exhausted his due process claims. . .").) I now turn to the substantive arguments for dismissal, concluding that

1

because Plaintiff has adequately alleged due process violations as to one Defendant, the motion is GRANTED in part and DENIED in part.

I.   DISCUSSION

   A.   Plaintiff's Due Process Claims

Plaintiff's factual contentions are detailed in the March Order, familiarity with which is assumed.  Currently at issue are Counts III and IV of Plaintiff's Complaint (hereafter cited as "Compl.").  Count III alleges that Defendants Robert Ercole, William Kelly, Richard Hope, Steven Purcell, and Anthony Cefaloni, aided and abetted by Brian Light and Thomas Lucas, deprived Plaintiff of due process by forging the signature of fellow inmate Alex Ramos on a witness refusal to testify form and thereby prevented Plaintiff from adequately defending himself at his disciplinary hearing.  Count IV alleges that Ercole, Kelly, Hope, Purcell, Cefaloni, and Douglas Williams, aided and abetted by Lucas, Light, and Keith F. Dubray, deprived Plaintiff of a fair and impartial disciplinary hearing.  Defendants move to dismiss these Counts as facially deficient.

B.  Analysis

To establish a procedural due process violation, Plaintiff must show that he possessed a liberty interest and Defendants deprived him of that interest without due process of law. Taylor v Rodriguez, 238 F.3d 188, 191 (2d Cir. 2001). An inmate's protected liberty interest is implicated where the punishment at issue imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandlin v. Connor, 515 U.S. 472, 484 (1995). Here, Defendants essentially concede that the 180 days' confinement in the SHU imposed in connection with Plaintiff's Tier III hearing constituted an "atypical and significant hardship." (Memorandum of Law in Support of the Motion to Dismiss ("Def. Mem.") 24); see also Kalwaskinski v. Morse, 201 F.3d 103, 106-08 (2d Cir. 1999)(per curiam)(180 days in SHU was atypical and significant hardship). They argue, however, that there was no due process violation because Plaintiff was given adequate assistance and a full disciplinary hearing. (Def. Mem. 24-25.)

This argument fails with respect to Defendant Light, who Plaintiff selected to help him defend himself at the disciplinary hearing, because Plaintiff adequately alleges that Light did not provide good faith assistance. The

3

Court of Appeals has held that "[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense when he is faced with disciplinary charges." Eng v. Coughlin, 858 F.2d 889, 897 (2d Cir. 1988). While the scope of the Department of Corrections' ("DOCS") obligations in this regard is necessarily limited, Loving v. Selsky, No. 07-CV-6393L, 2009 WL 87452, at *2 (W.D.N.Y. Jan 12, 2009), assistance "must be provided in good faith and in the best interests of the inmate," Eng, 858 F.2d at 898. Plaintiff alleges that Light did not interview the readily accessible witnesses Plaintiff identified, (Compl. ¶ 32), and even forged signatures on witness refusal forms, (Compl. ¶¶ 42-43.) These allegations are sufficient to state a claim that Light deprived Plaintiff of due process by failing to provide adequate, good faith assistance.

Plaintiff's due process claims against the other Defendants, however, must be dismissed. The allegations regarding Kelly, Hope, Purcell, Cefaloni, and Williams primarily concern their conduct giving rise to, rather than at, Plaintiff's disciplinary hearing.[1] Plaintiff contends that these Defendants variously beat him, framed him, and

---

[1] Indeed, there is no indication that Purcell, Cefaloni, or Williams attended the hearing or had any say in its outcome.

4

falsely accused him of possession of contraband in a misbehavior report. (Compl. ¶¶ 19, 24.)  The Court has already found the allegations sufficient to support claims of excessive force and unconstitutional retaliation. (March Order at 26, 30.)  However, with respect to due process, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997); Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988) (same). Plaintiff has alleged no facts indicating that these Defendants deprived him of notice of the charges against him or otherwise interfered with the conduct of his disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563-73 (minimum requirements of due process include notice and the opportunity to present evidence in one's defense). His conclusory allegation that all of them forged witness refusal forms, standing alone, is insufficient to support a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 ("factual allegations must be enough to raise a right to relief above a mere speculative level").  Accordingly, Plaintiff's due process claims against Kelly, Hope, Purcell, Cefaloni, and Williams are dismissed.

Similarly, Plaintiff's due process claims against Ercole must fail because he has alleged no facts indicating

Ercole's involvement in any purported deficiency in the conduct of his disciplinary hearing or even that Ercole was on notice of any such deficiency.[2] See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation omitted). To the extent Plaintiff's due process claims are predicated on informal, pre-hearing letters he sent to Ercole complaining that he was beaten and framed, they cannot withstand the instant motion not only because they do not concern the hearing at the heart of Plaintiff's due process claims, but also because such letters, standing alone, are insufficient to establish section 1983 liability. See Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002)(cataloguing cases holding that informal letters to supervisory officials alleging constitutional violations do not render the officials personally liable for the purported violations).

---

[2] In his supplemental brief on the administrative exhaustion of his due process claim, Plaintiff asks the Court to reverse the March Order insofar as it dismisses the excessive force and retaliation claims against Ercole so he can obtain discovery into Ercole's "prior knowledge" that Kelly has purportedly assaulted other inmates. Letter dated April 23, 2009, at 4. However, Plaintiff offers no legal basis for reconsideration of the March Order. Accordingly, this request is denied.

6

Plaintiff's due process claims against Lucas, the hearing officer, must likewise be dismissed. To satisfy due process, "some evidence" presented at a prison disciplinary proceeding must support an imposed sanction. Ortiz v. McBride, 380 F.3d 649, 655 (2d Cir. 2004) (internal quotations omitted). Here, the Complaint alleges that Lucas heard testimony from Kelly and Hope indicating that Plaintiff was in possession of prison contraband. (Compl. ¶¶ 37-38.) Light also testified that all inmates identified by Plaintiff as potential witnesses had refused to appear on Plaintiff's behalf. (Id. ¶ 35); see also Silva v. Casey, 992 F.2d 20, 22 (2d Cir. 1993) (a hearing officer may refuse to call a witness to testify if he reasonably concludes that it would be futile to do so). Thus, Lucas's finding was clearly based on some evidence.

Plaintiff has not alleged that Lucas was involved in the incidents leading to the disciplinary hearing, lacked impartiality, or even that there was insufficient evidence to support his finding. Plaintiff's claims instead hinge on the allegation that Lucas refused to show him the signed witness refusal forms indicating that none of the inmates would testify at his hearing. (See Compl. ¶ 36.) Read in conjunction with Plaintiff's alleged subsequent discovery, at an unspecified time, that at least one of the forms

7

contained a forged signature, (Compl. ¶¶ 43-44), Plaintiff's due process claims against Lucas rest on the unstated inference that Lucas knew about the forgery. Such conjecture is simply too remote and speculative to sustain Plaintiff's due process claim. See Twombly, 550 U.S. 544, 555. Indeed, other portions of the Complaint tend to contradict this theory of liability. Specifically, Plaintiff claims that when Lucas heard that Light had not written some of the explanations of why some of Plaintiff's document requests had been denied, he adjourned the hearing so that Plaintiff could be properly assisted. (Compl. ¶ 35.) Notwithstanding this alleged irregularity, Plaintiff again chose Light to help him obtain defense materials. (Id.) Plaintiff nowhere claims to have challenged Light's statement to Lucas that he had personally interviewed the inmates identified by Plaintiff and they had refused to testify.

Finally, Plaintiff's due process claims against Dubray must be dismissed. Plaintiff alleges that he appealed Lucas' determination to Dubray. However, as evidenced by Exhibit A to Plaintiff's Response to Defendant's Motion to Dismiss, as well as the supplemental briefing regarding administrative exhaustion, Plaintiff actually appealed to

Donald Selsky. The claims against Dubray are therefore dismissed for lack of personal involvement.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's due process claims are denied with respect to defendant Light and granted with respect to all other defendants. The parties shall submit a proposed discovery schedule by letter no later than August 14, 2009.

SO ORDERED

Dated:   July 13, 2009
         New York, New York

LORETTA A. PRESKA
CHIEF U.S.D.J.